UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BILLY JOE PAIGE,

    Petitioner,                            Case No. 05-CV-71917-DT

v.

THOMAS BIRKETT,

    Respondent,
_____/

**ORDER OF SUMMARY DISMISSAL**

Petitioner Billy Joe Paige presently incarcerated at the Alger Maximum Correctional Facility in Munising, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenges his conviction for two counts of first-degree criminal sexual conduct, [1] one count of second-degree criminal sexual conduct, [2] one count of felonious assault, [3] and being a fourth-felony habitual offender. [4] Respondent has filed a motion to dismiss, contending that the petition was not timely filed in accordance with the statute of limitations contained in 28 US.C. § 2244 (d)(1). Petitioner has filed a response to the motion to dismiss. For the reasons stated below, the petition for writ of habeas corpus will be summarily dismissed pursuant to 28 U.S.C. § 2244(d)(1).

---

[1]  Mich. Comp. Laws § 750.520b(1)(e); Mich. Stat. Ann. 28.788(2)(1)(e).

[2]  Mich. Comp. Laws § 750.520c(1)(e); Mich. Stat. Ann. 28.788(3)(1)(e).

[3]  Mich. Comp. Laws § 750.82; Mich. Stat. Ann. 28.277.

[4]  Mich. Comp. Laws § 769.12; Mich. Stat. Ann. 28.1084.

## I.  BACKGROUND

Petitioner was convicted of the above offenses following his plea of guilty in the Calhoun County Circuit Court.  Petitioner was sentenced to prison on June 11, 2001.

In May of 2002, Petitioner filed an application for a writ of habeas corpus with the federal court.  The petition was dismissed without prejudice on September 13, 2002, because Petitioner had failed to exhaust his state court remedies prior to filing his habeas petition.  *Paige v. Birkett,* U.S.D.C. No. 02-CV-71730-DT (E.D. Mich. September 13, 2002).

The Michigan Court of Appeals affirmed Petitioner's conviction on appeal. *People v. Paige,* No. 241853 (Mich. Ct. App. October 22, 2002).  Petitioner did not file an application for leave to appeal with the Michigan Supreme Court. [5]

On November 22, 2002, Petitioner filed a motion to withdraw his guilty plea in the Calhoun County Circuit Court.  The motion was denied by the circuit court on November 26, 2002. *People v. Paige,* No. 00-4112-FC (Calhoun County Circuit Court, November 22, 2002).

Petitioner filed a second motion to withdraw his guilty plea on November 14, 2003, which was denied on November 18, 2003. *People v. Paige,* No. 00-4112-FC (Calhoun County Circuit Court, November 18, 2003).

On January 12, 2004, Petitioner filed a motion for a new trial, which was construed by the trial court as a post-conviction motion for relief from judgment filed pursuant to M.C.R. 6.500, *et. seq.*  The motion was denied on January 14, 2004.

---

[5] *See* Affidavit from Corbin R. Davis, Clerk of the Michigan Supreme Court, dated November 2, 2005 [Dkt. # 36].

*People v. Paige,* No. 00-4112-FC (Calhoun County Circuit Court, January 14, 2004). On October 1, 2004, the Michigan Court of Appeals dismissed Petitioner's application for leave to appeal pursuant to M.C.R. 7.201(B)(3) and 7.216(A)(1), based upon Petitioner's failure to pursue the case in conformity to the court rules. *People v. Paige,* No. 253771 (Michigan Court of Appeals, October 1, 2004). Petitioner did not file an application for leave to appeal with the Michigan Supreme Court. [6]

On April 26, 2004, Petitioner filed a motion for preparation of transcripts at public expense with the trial court, which was denied. *People v. Paige,* No. 00-4112-FC (Calhoun County Circuit Court, April 28, 2004). The Michigan Court of Appeals denied Petitioner's application for leave to appeal and denied Petitioner permission to file a supplemental brief which raised substantive claims regarding his conviction. *People v. Paige,* No. 255497 (Mich.Ct.App. August 19, 2004). The Michigan Supreme Court denied Petitioner's application for leave to appeal from this order on April 26, 2005. *People v. Paige,* 695 N. W. 2d 74 (Mich. 2005).

The instant petition was signed and dated May 12, 2005. [7]

## II. DISCUSSION

Petitioner's petition for writ of habeas corpus must be dismissed because it has not been filed within the one year statute of limitations.

---

[6] *Id.*

[7] Under the prison mailbox rule, the court will assume that Petitioner actually filed his habeas petition on May 12, 2005, the date that it was signed and dated. *See Neal v. Bock*, 137 F. Supp. 2d 879, 882, fn. 1 (E.D. Mich. 2001).

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which was signed into law on April 24, 1996, amended the habeas corpus statute in several respects, one of which was to mandate a statute of limitations for habeas actions. 28 U.S.C. § 2244(d) imposes a one-year statute of limitations upon petitions for habeas relief:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

A federal court will dismiss a case where a petitioner for a writ of habeas corpus does not comply with the one year statute of limitations. *See Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich 2002).

In the present case, the Michigan Court of Appeals denied Petitioner's direct appeal on October 22, 2002. Normally, the one year statute of limitations does not begin to run until the ninety day time period for filing a petition for writ of certiorari in the United States Supreme Court has expired. *See Bronaugh v. Ohio*, 235 F. 3d 280, 283 (6th Cir. 2000). In this case, however, Petitioner would not be entitled to have the ninety day time period for seeking a writ of certiorari added to the calculation of the limitations period, because his failure to file a timely application for leave to appeal to

4

the Michigan Supreme Court divested the U.S. Supreme Court of jurisdiction to grant a writ of certiorari. *See Eisermann v. Penarosa,* 33 F. Supp. 2d 1269, 1272-73, n. 5 (D. Hawaii 1999) (citing to *Flynt v. Ohio*, 451 U.S. 619 (1981); *Street v. New York*, 394 U.S. 576 (1969)).

Under M.C.R. 7.302(C)(3), Petitioner had fifty six days to file a delayed application for leave to appeal with the Michigan Supreme Court. *Rice v. Trippett*, 63 F. Supp. 2d 784, 787 (E.D. Mich. 1999). Because Petitioner did not file an application for leave to appeal with the Michigan Supreme Court, his conviction became final, for purposes of the AEDPA's statute of limitations, on December 17, 2002, fifty six days after the Michigan Court of Appeals affirmed his conviction. *See Brown v. McKee,* 232 F. Supp. 2d 761, 765 (E.D. Mich. 2002); *Erwin v. Elo,* 130 F. Supp. 2d 887, 889 (E.D. Mich. 2001).

The fact that Petitioner filed a motion to vacate his guilty plea with the trial court after the Michigan Court of Appeals had affirmed his conviction, but before the fifty six day period for filing his application for leave to appeal to the Michigan Supreme Court had expired would not affect the date upon which Petitioner's conviction became final, for purposes of commencing the one year limitations period. Under M.C.R. 7.205(F)(2), a criminal defendant in Michigan is limited to a single appeal by right or leave from a conviction. *See People v. Jackson,* 633 N.W. 2d 825, 829 (Mich. 2001).

As used in the AEDPA's statute of limitations period, the term "final", for commencing the limitations period, "means a decision from which no appeal or writ of error can be taken." *United States v. Burch,* 202 F. 3d 1274, 1277 (10th Cir. 2002) (citing Black's Law Dictionary 629 (6th ed.1990)); *See also Crawley v. Catoe,* 257 F. 3d

5

395, 400 (4th Cir. 2001)( the limitations period "begins to run when the conviction is final under § 2244(d)(1)(A) only when the availability of a direct appeal has been exhausted"); *McAfee v. Angelone,* 87 F. Supp. 2d 605, 606 (W.D. Va. 2000). Because Petitioner had already filed his application for leave to appeal, he was prevented, under M.C.R. 7.205(F)(2), from seeking leave to appeal from the denial of his motion to vacate his guilty plea. Because Petitioner did not have any available appellate remedy from the denial of this motion, he would not be entitled to any further delay in the commencement of the limitations period pursuant to § 2244(d)(1)(A) once the motion had been denied.

The court notes that Petitioner, in his "Motion for Miscarriage of Justice", which he has attached to his habeas application, argues that he is entitled to habeas relief on his sentencing guidelines claim based on the United States Supreme Court case *Blakely v. Washington,* 124 S. Ct. 2531 (2004), which was decided June 24, 2004. 28 U.S.C. § 2244(d)(1)(C) indicates that the one year limitations period can run from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." A federal district court has the ability to determine whether a newly recognized right has been made retroactively applicable to cases on collateral review, for purposes of this section or 28 U.S.C. § 2255 ¶ 6(3), the analogous provision of the statute of limitations for federal motions to vacate sentence. *See Wiegand v. United States,* 380 F. 3d 890, 892-93 (6th Cir. 2004); *Breese v. Maloney,* 322 F. Supp. 2d 109, 114 (D. Mass. 2004).

The Sixth Circuit has explicitly held that the new procedural rules set forth in *Blakely* do not apply retroactively to cases on collateral review. *See Humphress v. United States*, 398 F. 3d 855, 860-63 (6th Cir. 2005). Petitioner therefore cannot avail himself of Section 2244(d)(1)(C) to delay the commencement of the one year limitations period, because the Supreme Court did not indicate in *Blakely* that its decision was being made retroactive to cases on collateral review. *See Henderson v. Addison,* 154 Fed. Appx. 688, 689 (10th Cir. 2005); *See also United States v. Quakenbush,* 369 F. Supp. 2d 958, 963 (W.D. Tenn. 2005); *United States v. Trigger,* 325 F. Supp. 2d 860, 864 (N.D. Ill. 2004). Because *Blakely* has not been made retroactive by the Supreme Court to cases on collateral review, § 2244(d)(1)(C) is inapplicable in this case and would likewise not delay the commencement of the one year limitations period.

Finally, Petitioner's first application for habeas relief would have no effect on the limitations period, because it was dismissed on September 13, 2002, prior to the commencement of the one year limitations period in this case.

Petitioner filed a second motion to vacate his guilty plea on November 14, 2003. The court must resolve whether Petitioner's second motion to vacate his guilty plea would be considered part of the direct review process or the collateral review process, for determining when the one year statute of limitations commenced pursuant to 28 U.S.C. § 2244(d)(1)(A). The Sixth Circuit, in the context of determining the applicability of the U.S. Supreme Court's holding in *Sandstrom v. Montana,*[8] has noted that "[t]he Michigan courts have generally adopted the view that long-delayed appeals are not

---

[8] 442 U.S. 510 (1979).

regarded as part of a defendant's direct appeal." *Wheeler v. Jones,* 226 F. 3d 656, 659 (6th Cir. 2000) (citing to *People v. Ward,* 594 N.W. 2d 47, 52 (Mich. 1999)). In this case, Petitioner's second motion to vacate his guilty plea should be considered a collateral attack on his conviction, because it was filed some two years, five months after his sentencing. *Ward,* 594 N.W. 2d at 51-52 (defendant's motion to vacate his guilty plea, which was filed more than fourteen months after conviction, should have been considered a collateral attack on his conviction).

When Petitioner filed his second motion to vacate his guilty plea on November 14, 2003, some three hundred and thirty two days had already elapsed under the one year statute of limitations. The trial court denied the motion on November 18, 2003. Petitioner did not attempt to appeal the denial of this motion, but instead, filed a motion for a new trial on January 12, 2004, which the trial court construed as a post-conviction motion for relief from judgment and denied on January 14, 2004.

28 U.S.C. § 2244 (d)(2) expressly provides that the time during which a properly filed application for state post-conviction relief or other collateral review is pending shall not be counted towards the period of limitations contained in the statute. *See Fugate v. Booker,* 321 F. Supp. 2d 857, 860 (E.D. Mich. 2004). For purposes of simplicity, the court will assume that the one year limitations period was tolled from the entire period between November 14, 2003, when Petitioner's second motion to vacate his plea was filed, through to the time that the trial court denied his motion for relief from judgment on January 14, 2004. The question becomes whether Petitioner is entitled to additional tolling under § 2244 (d)(2).

In this case, the Michigan Court of Appeals rejected Petitioner's application for leave to appeal the denial of his post-conviction motion because he failed to pursue his case in conformity with M.C.R. 7.201(B)(3). An application for state post-conviction relief is considered "properly filed," for purposes of the tolling provisions of § 2244(d)(2), when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings, *e.g.* requirements concerning the form of the document, the court and office in which it must be lodged, payment of a filing fee, and applicable time limits upon its delivery." *Israfil v. Russell,* 276 F. 3d 768, 771 (6th Cir. 2001).

Because federal courts defer to state courts on issues of state law and procedure, this court must defer to the Michigan Court of Appeals' finding that Petitioner's application for leave to appeal was not filed in substantial compliance with the filing requirements found in M.C.R. 7.201(B)(3). *See Vroman v. Brigano,* 346 F. 3d 598, 603 (6th Cir. 2003); *Israfil*, 276 F.3d at 771-72. Thus, the Michigan Court of Appeals' determination whether Petitioner's application for leave to appeal was properly filed governs whether Petitioner's application for leave to appeal the denial of his post-conviction motion action tolled the statute of limitations under § 2244(d)(2). *Vroman,* 346 F.3d at 603.

In this case, because Petitioner's application for leave to appeal was dismissed by the Michigan Court of Appeals for failing to conform with M.C.R. 7.201(B)(3), Petitioner's application for leave to appeal was not properly filed and did not toll the limitations period pursuant to § 2244(d)(2). *See Herbert v. Jones,* 351 F. Supp. 2d 674, 677 (E.D. Mich. 2005). Therefore, when the trial court denied Petitioner's post-conviction motion on January 14, 2004, he no longer had a properly filed application for

post-conviction relief pending in the state courts and the limitations period, of which thirty three days remained, resumed running and expired on February 16, 2004. *Id.* Because the habeas petition was not filed until May 12, 2005, it was not filed in compliance with the AEDPA's one year limitations period.

Petitioner's subsequent motion for production of transcripts, filed on April 26, 2004, would not qualify as an application for post-conviction or collateral review so as to further toll the limitations period pursuant to 28 U.S.C. § 2244(d)(2). *See May v. Workman,* 339 F. 3d 1236, 1237 (10th Cir. 2003); *Lancaster v. Alameida,* 51 Fed. Appx. 765, 766 (9th Cir. 2002).

The mere fact that Petitioner attempted to file a supplemental brief on appeal from the denial of his motion for production of the transcripts which raised substantive challenges to his conviction would not alter this result. Because Petitioner's application for leave to appeal the denial of his motion for the production of transcripts to the Michigan Court of Appeals was not a distinct application for state post-conviction relief, the only question for the court, in determining whether the limitations period should be tolled pursuant to § 2244(d)(2), is whether Petitioner's initial motion for the production of transcripts constitutes a properly filed motion for post-conviction relief, not whether Petitioner's application for leave to appeal the denial of the motion was properly filed. *See Hizbullahankhamon v. Walker,* 255 F. 3d 65, 71 (2d Cir. 2001). Moreover, the Michigan Court of Appeals is limited on appellate review to the issues that were decided by the trial court. *See Hernandez v. Consumers Power Co.,* 214 N.W. 2d 846, 848 (Mich.Ct.App. 1974) (citing *Mayor of City of Dearborn v. Dearborn Retirement Board of Trustees*, 23 N.W.2d 186 (Mich. 1946); *Diggs v. State Board of Embalmers & Funeral*

*Directors*, 32 N.W.2d 728 (Mich. 1948))*.* Finally, the Michigan Court of Appeals denied Petitioner permission to file the supplemental brief which sought to raise these claims. As one court has noted, "[t]he filing of creative, unrecognized motions for leave to appeal" does not trigger tolling pursuant to § 2244(d)(2). *See Adeline v. Stinson*, 206 F. 3d 249, 253 (2d Cir. 2000). Because Petitioner's attempt to raise substantive challenges to his conviction in an appeal from an order which dealt only with the denial of the production of transcripts was improper, it would not toll the limitations period pursuant to § 2244(d)(2). *See Sibley v. Culliver,* 377 F. 3d 1196, 1203-04 (11th Cir. 2004) (Defendant's notice to Alabama Supreme Court, even if construed as application for post-conviction relief, was not "properly" filed, as required to toll the one-year statute of limitations for seeking habeas relief; notice was filed in wrong court, in improper form, and without either fee or petition to proceed *in forma pauperis*).

The one year limitations period under the AEDPA is considered a statute of limitations which is subject to equitable tolling, and is not a jurisdictional prerequisite which would bar review by the federal courts if not met. *Dunlap v. United States*, 250 F. 3d 1001, 1004 (6th Cir. 2001). In *Dunlap,* the Sixth Circuit adopted the test for equitable tolling set forth in *Andrews v. Orr*, 851 F. 2d 146 (6th Cir. 1988) and indicated that five factors should be used to determine whether it would be appropriate to equitably toll the statute of limitations in a habeas case:

> (1) the petitioner's lack of notice of the filing requirement;
> (2) the petitioner's lack of constructive knowledge of the filing requirement;
> (3) diligence in pursuing one's rights;
> (4) absence of prejudice to the respondent; and,
> (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

11

*Dunlap*, 250 F. 3d at 1008.

The doctrine of equitable tolling should be used "sparingly," *Dunlap,* 250 F. 3d at 1008-1009, and "[a]bsent a satisfactory explanation for his failure to timely file his habeas petition," a petitioner would fail to exercise due diligence in pursuing his claim, and thus would not be entitled to equitable tolling of the limitations period. *Id.* at 1010.

In his response to the motion to dismiss, Petitioner contends that the state created an impediment to his filing of his federal petition, because the clerk of the Michigan Court of Appeals refused to provide him with another copy of the Michigan Court of Appeals order from October 22, 2002 denying Petitioner leave to appeal unless Petitioner paid fifty cents for an additional copy. Petitioner claims that his original order was destroyed by Michigan Department of Corrections' [M.D.O.C.] officials.

A federal habeas petitioner who seeks to rely on 28 U.S.C. § 2244(d)(1)(B) to delay the running of the AEDPA's one year statute of limitations must "[a]llege facts that establish that he was so inhibited by the state's action that he was unable to file and state a cause of action before the limitation period expired." *Redmond v. Jackson*, 295 F. Supp. 2d 767, 772 (E.D. Mich. 2003)(internal quotation omitted). "[T]he 'plain language' of § 2244(d)(1)(B) 'makes clear that whatever constitutes an impediment must *prevent* a prisoner from filing his petition.'" *Id. (quoting Lloyd v. Van Natta,* 296 F. 3d 630, 633 (7th Cir. 2002) (emphasis original).

In the present case, Petitioner has failed to show that the Michigan Court of Appeals' failure to provide him with an additional copy of their order denying him leave to appeal prevented him from filing his petition for writ of habeas corpus on time. Nothing in Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 or 28

12

U.S.C. § 2242 requires a habeas petitioner to attach a copy of the lower court decisions, records, or other evidentiary material to his petition for writ of habeas corpus. *See United States ex. rel. Bonner v. Warden, Statesville Correctional Center*, 422 F. Supp. 11, 14 (N.D. Ill. 1976).

Moreover, Petitioner has failed to offer any evidence in support of his assertion that M.D.O.C. officials confiscated or destroyed his prior copy of the Michigan Court of Appeals decision. A habeas petitioner's "bare assertion" or "unsupported allegation" that prison officials confiscated his habeas petition or other legal materials is insufficient to justify tolling of the limitations period. *See Mateos v. West,* 357 F. Supp. 2d 572, 577 (E.D.N.Y. 2005). In this case, Petitioner has provided nothing other than bare allegations from himself that his copy of the Michigan Court of Appeals order from October 22, 2002 had been confiscated by prison officials, rather than misplaced by himself. Moreover, the mere negligent confiscation of a habeas petitioner's legal materials does not justify equitable tolling. *See Paul v. Conway,* 2005 WL 914384, * 6 (S.D.N.Y. April 19, 2005). In the absence of any proof from Petitioner that prison officials intentionally confiscated his copy of the Michigan Court of Appeals decision, he would not be entitled to equitable tolling on this basis.

In this case, the one year limitations period expired on February 16, 2004. Because Petitioner's application was not filed until May 12, 2005, it is subject to dismissal pursuant to 28 U.S.C. § 2244(d)(1).

### III. CONCLUSION

Accordingly, IT IS ORDERED that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2244(d)(1) [Dkt. # 1] is DISMISSED WITH PREJUDICE.

                S/Robert H. Cleland
                ROBERT H. CLELAND
                UNITED STATES DISTRICT JUDGE

Dated: January 31, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 31, 2006, by electronic and/or ordinary mail.

                S/Lisa Wagner
                Case Manager and Deputy Clerk
                (313) 234-5522