UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BILLY JOE PAIGE,

    Petitioner,                                      Case No. 05-CV-71917-DT

v.

THOMAS BIRKETT,

    Respondent.
                                              /

**ORDER DENYING PETITIONER'S MOTION FOR REHEARING**

On January 31, 2006, the court issued an opinion and order summarily dismissing Petitioner Billy Joe Paige's application for writ of habeas corpus on the ground that the petition had not been filed in compliance with the one year statute of limitations contained in 28 U.S.C. § 2244(d)(1). Petitioner has now filed a motion for rehearing pursuant to Fed.R.Civ.P 59(e). For the reasons stated below, the court will deny the motion for rehearing.

A motion to alter or amend judgment brought by a habeas petitioner pursuant to Rule 59(e) may properly be analyzed as a motion for reconsideration brought pursuant to Local Rule 7.1 of the Eastern District of Michigan. *See Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999). U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (h) allows a party to file a motion for reconsideration. However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *See Ford Motor Co. v. Greatdomains.com, Inc.,* 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001). The movant shall not only demonstrate a

palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.  A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain. *See Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997).

In the present case, the arguments raised by Petitioner in his motion for rehearing were already raised, either explicitly or by reasonable implication, in Petitioner's application for writ of habeas corpus and in his response to the respondent's motion for summary judgment.  The court will therefore deny Petitioner's motion for rehearing, because Petitioner is merely presenting issues which were already ruled upon, either expressly or by reasonable implication, when the court summarily dismissed the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2244(d)(1).  *Hence,* 49 F. Supp. 2d at 553.

Based upon the foregoing, IT IS ORDERED that "Petitioner's Motion For Rehearing and Moves (sic) To Objections To The Judge's Order of Summary Dismissal" [Dkt. # 44] is DENIED.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  February 28, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 28, 2006, by electronic and/or ordinary mail.

        S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\Odd Orders\05-71917.PAIGE.DenyingMotionForRehearing.wpd