UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BILLY JOE PAIGE,

    Petitioner,                                        Case No. 05-CV-71917-DT

v.

THOMAS BIRKETT,

    Respondent,
_____/

**ORDER DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

On January 31, 2006, the court issued an order summarily dismissing Petitioner's application for writ of habeas corpus on the ground that the petition had not been filed in compliance with the one year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). On February 28, 2006, the court denied Petitioner's motion for rehearing. Petitioner has now filed a notice of appeal, which is construed as a request for a certificate of appealability. [1] Petitioner has also filed an application for leave to appeal *in forma pauperis.* For the reasons stated below, the court will deny Petitioner a certificate of appealability. The court will also deny Petitioner leave to appeal *in forma pauperis.*

**I. STANDARD**

28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability is issued either by a circuit court or district court judge. If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either

---

[1] *See Luberda v. Trippett,* 211 F.3d 1004, 1006 (6th Cir. 2000).

issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue.  F.R.A.P. 22(b).  To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further.  In such a circumstance, no appeal would be warranted.  *Id.*

## II.  DISCUSSION

In the present case, for reasons stated in greater detail in the order of summary dismissal, the court found that Petitioner's application for a writ of habeas corpus was time-barred because it had not been filed within the one year statute of limitations contained in 28 U.S.C. § 2244(d)(1).  The court subsequently denied Petitioner's motion for rehearing, because the arguments raised by Petitioner in his motion for rehearing were already raised, either explicitly or by reasonable implication, in Petitioner's application for writ of habeas corpus and in his response to the respondent's motion for

summary judgment.

The court will deny Petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether the court was correct in determining that Petitioner had filed his habeas petition outside of the one year limitations period. *See Grayson v. Grayson,* 185 F. Supp. 2d 747, 753 (E.D. Mich. 2002).  The court will also deny Petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Id.*

### III.  CONCLUSION

Based upon the foregoing, IT IS ORDERED that a certificate of appealability is DENIED.

IT IS FURTHER ORDERED that Petitioner's "Application to Proceed Without Prepayment of Fees and Affidavit" [Dkt. # 50] is DENIED.

 s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  April 27, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 27, 2006, by electronic and/or ordinary mail.

 s/Lisa Wagner  
Case Manager and Deputy Clerk  
(313) 234-5522